IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DANE RICARDO SNOWBALL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-119 CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

### RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondent's Motion to Dismiss, filed on July 10, 2013. (ECF No. 12.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner, a native of Cayman Islands, alleges that he should be released pursuant to the ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet. for Writ of Habeas Corpus 5, ECF No. 1.) Along with the motion to dismiss, Respondent filed a copy of the Warrant of Removal/Deportation (Notice of Pet.'s Removal & Resp't's Mot. to Dismiss Ex. A at 6, ECF No. 12) showing that Petitioner was removed on July 8, 2013. Due to Petitioner's removal, Respondent now contends that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 1.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur

subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. (Pet. for Writ of Habeas Corpus 1.) Petitioner has been removed from the country and released from the physical custody of ICE. (Mot. to Dismiss Ex. A.) Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss (ECF No. 12.) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 8th day of October, 2013.

/s/Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE